# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**MARSHA SMITH,**
                                    **Plaintiff**


**v.**                                              **Civil Action No.**
                                                   **3:04CV202-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                                    **Defendant**

## MEMORANDUM OPINION

This case presents plaintiff Marsha Smith's challenge to the decision of the

Commissioner denying her claim to Supplemental Security Income payments.  After examining

the materials of record, the arguments of the parties and the applicable authorities, the Court is of

the opinion that the decision of the Commissioner should be affirmed.

The disability determination process consists of five steps.  Wyatt v. Secretary, 974 F.2d

680 (6th Cir. 1992).  These steps are approached sequentially, and a finding at any step that is

adverse to the claimant terminates the process:

1.  The claimant must not be engaged in substantial gainful activity.

2.  The alleged disabling impairment must be "severe," meaning that it significantly

limits the individual's ability to do basic work activities necessary for most jobs, such as

walking, standing, sitting, lifting, seeing, hearing and speaking.  20 CFR Section 416.921.

3.  If the claimant has a medical condition that meets or exceeds the impairments listed in

Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the

Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled.

Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

    4.  The claimant must be unable to do his or her past relevant work.

    5.  If the claimant shows inability to do the past relevant work, the Commissioner must

come forward with evidence to show that the claimant can still perform a significant number of

jobs.  Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

    Ms. Smith from  filed her application in July of 2001.  After a hearing, the Administrative

Law Judge ("ALJ") found that Ms. Smith suffers from chronic discoid lupus, a history of

hyperthyroidism, a history of malignancy, and a mood disorder secondary to her lupus.  The ALJ

determined that these are severe impairments, but that these do not prevent her from performing

her past relevant work as a sewing machine operator.  In addition, the ALJ determined that Ms.

Smith retained the residual functional capacity to perform a significant range of work in the

medium exertional range.

    If the Commissioner's decision is supported by substantial evidence, the reviewing Court

must affirm.  Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987).  Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).  The Court's obligation to affirm

in such a case exists regardless of whether we would resolve the disputed issues of fact

differently, and regardless of whether there exists substantial evidence to support the opposite

conclusion.  Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994),  Tyra v. Secretary, 896 F.2d 1024

(6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

    Ms. Smith contends that the ALJ erred in his assessment of both her residual capacity and

2

her credibility because he failed to consider all of her symptoms.  Specifically, she argues that the ALJ failed to consider her fatigue.  Ms. Smith testified that the medication she takes for her lupus-related itching causes drowsiness, causing her to lie down every day.  Tr. 309-310.   The Vocational Expert testified that if Ms. Smith needed to lie down during work hours, no jobs would be available to her.   Tr. 324.

Plaintiff concedes that the ALJ considered pain "in great detail," but contends that he "did not consider fatigue."    In fact, the ALJ stated, "I specifically reject her allegation that she needs to lie down twice per day as there is no objective evidence to corroborate this."  Tr. 18. Furthermore, the ALJ's credibility analysis cannot be read as limited to complaints of pain; rather, the ALJ considered whether the severity of plaintiff's subjective symptoms (which would include both fatigue and pain) is supported by the record.

Plaintiff does not suggest that there is anything in the medical records discussing in any way her alleged need to lie down or to otherwise rest because of extreme fatigue, nor has the Court's review of the record uncovered anything.  Indeed, the record includes only a very few scattered references to fatigue over the course of several years.  For example, in August of 1998, Ms. Smith complained to Dr. Yusuf Deshmukh, her oncologist, concerning fatigue, but this appears to have been related to her husband's having recently been diagnosed with some sort of malignancy.  Tr. 211.  While the records indicate a history of anemia, there is no evidence that anemia was in any way affecting her functioning in the summer of 2001, when she filed her application.  For example, in July 18, 2001, Dr. Deshmukh noted no functional limitations and an essentially normal physical exam.  Tr. 183.   Dr. Siddiqui (rheumatology) noted her severe cutaneous lupus in September 2000, but there is no mention of the type of functional limitation

3

included in her testimony.  Tr. 152.

The ALJ specifically addressed all of her subjective complaints, and set forth specific reasons for finding her complaints not entirely credible.  Ms. Smith has not pointed to any information overlooked by the ALJ.  The Court finds no error.

An order in conformity has this day entered.